Barclay International, Inc. (hereinafter "Barclay"), a kitchen cabinet door manufacturer in Bay Minette, Alabama, purchased certain equipment for its facility from Rivers Machinery Company, Inc., during the period May 5, 1982, through August 23, 1983. A dispute arose between the two companies regarding the suitability for Barclay's purposes of certain "sanding attachments." Because Barclay had already paid Rivers Machinery approximately $9,000 for the attachments, which it argues were not suitable, Barclay requested a refund in that amount in exchange for a return of the equipment. Rivers Machinery *Page 580 
neither retrieved the equipment nor refunded that amount to Barclay, which thereafter refused to pay the invoices on other equipment Rivers Machinery sold to it. By agreement of the parties, Barclay sold a piece of Rivers Machinery equipment on July 1, 1987, and the $5,000 proceeds of that sale were credited to the amount due Rivers Machinery from Barclay. On December 16, 1987, Rivers Machinery sued Barclay for the remaining balance, $7,736.22, plus interest and costs. The trial judge entered summary judgment for Barclay on March 2, 1989, apparently based upon the statute of limitations, but he did not state his reasons. The question on appeal is which limitations period applies.[1]
Rivers Machinery argues that Ala. Code 1975, § 6-2-34, the six-year limitations period for simple contracts, controls. Barclay, on the other hand, contends that § 7-2-725, which limits actions on "contracts for sale" to four years, applies. A reading of § 7-2-725, as well as §§ 7-2-105(1) and7-2-106(1), reveals that Barclay is correct. Section 7-2-725
provides, in part, as follows:
 "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
 (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. . . ."
Section 7-2-106(1) states that the term "contract for sale" includes "both a present sale of goods and a contract to sell goods at a future time." Section 7-2-105 describes "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities . . . and things in action."
In this case, the sanding attachments are clearly "goods" for which there was a "contract for sale." Section 7-2-725
explicitly states that the cause of action accrues when the breach occurs. Here, that would have been the point at which Barclay refused to pay the invoices for the period of May 5, 1982, through August 23, 1983. Using the latter of those two dates, we conclude that Rivers Machinery's claim is obviously time-barred, as its suit was not filed until December 16, 1987, approximately four months after the four-year limitations period ran.
When the defendant has made a prima facie showing that the statute of limitations defense is applicable, the plaintiff must prove that the action was brought within the limitations period. Cities Serv. Oil Co. v. Griffin, 357 So.2d 333, 341
(Ala. 1978). Rivers Machinery has not met that burden in this case. Although Rivers Machinery argues that it could not have maintained an action against Barclay until the amount of credit due Barclay was ascertained on July 1, 1987 (the date the $5,000 worth of equipment was sold), we note that, although the full amount of damages may not have been known at the time, the breach occurred August 23, 1983, and the statutory period began running at that time.
Thus, the trial court's summary judgment for Barclay was correct.
AFFIRMED.
HORNSBY, C. J., and MADDOX, ADAMS and HOUSTON, JJ., concur.
[1] We note that this appeal would have come within the jurisdiction of the Court of Civil Appeals. See Ala. Code 1975, § 12-3-10; however, rather than transferring this case to that court, we have taken jurisdiction of the case in the interest of expediting the decision and in the exercise of our "general superintendence" of the state's court system. See § 12-2-7(3). *Page 581